## SÁNCHEZ v. MUÑOZ.

### APPEAL from the District Court of San Juan.

No. 55.—Decided April 9, 1906.

SUPPORT—WHEN OBLIGATION CEASES.—The obligation to support ceases upon the death of the person obligated, even where such support is provided in compliance with a final judgment.

ID.—OBLIGATION IMPOSED BY TESTAMENTARY DISPOSITION OR BY AGREEMENT.— The foregoing doctrine is applicable, even in cases where the right to support arises from a testamentary disposition or an agreement, except where there has been a testamentary disposition or express agreement to the contrary.

JUDGMENTS—NULLITY.—Persons not interested in the pronouncements of an agreement are without a right of action to demand that the same be annulled.

The facts are stated in the opinion.

*Mr. Emigdio Ginorio* for plaintiff.

*Mr. Freyre Barbosa* for defendant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of September 6, 1894, Carmen Sánchez Mar-
tínez, in her own name and as the mother with *patria potestas*
over her minor children, Rafael, Juana Ricarda, and Floren-
cia del Carmen, had by her marriage with Vicente López
Cepero, who died August 24, 1893, brought an action in the
District Court of San Juan against Julia Muñoz Mangual and
her children, Calixto and Julio Muñoz Mangual, born respec-
tively, it is alleged, on October 13, 1882, and July 31, 1885, they
being her children by José Dámaso López Cepero, while he was
married to Manuela Antiques Vázquez, Vicente being also a
recognized natural child of José Dámaso. In her complaint the
plaintiff prayed that, after the proper proceedings, the judg-
ments of December 29, 1898, January 17th of the following
year, September 18, 1902, and October 22d of the same year,
the first and third rendered by the municipal judge of Río
Piedras, and the second and fourth by the former Court of
First Instance of the District of San Francisco of this city
and by the District Court of San Juan, respectively, in actions
prosecuted by Julia Muñoz Mangual against Vicente López
Cepero, should be declared null and void in so far as they
recognized the existence of the legacy of an allowance which
does not appear as established in the will of José Dámaso
López Cepero, nor determined in the partition of his prop-
erty, without prejudice to the right of Julia Muñoz to apply
in the court of competent jurisdiction on behalf of her chil-
dren for the declaration of the legacy which by reason of
the accumulation of the alleged allowance of 7.50 *pesos* per
month, of which it is alleged to consist, exceeds $500, the
maximum limit of the amount fixed by law in establishing the
jurisdiction of municipal courts.

As alleged by the plaintiff, the municipal judge of Río
Piedras, in the first judgment mentioned—that is to say, in
that of December 29, 1898—held the right to the income
claimed by Julia Muñoz of Vicente López Cepero to be a verbal
legacy, and adjudged the latter to pay Julia Muñoz, on or be-
fore the third day, the 21 *pesos* corresponding to the install-

ments for December, 1898, and January and February, 1899, at the rate of 7 *pesos* per month; which judgment was affirmed on appeal on January 17, 1899, by the former Court of First Instance of the District of San Francisco of this city, which held that the appellant, Vicente López Cepero, was doing nothing more than complying with the obligation imposed upon him by his deceased father, José Dámaso López Cepero, in supporting the children of the latter, named Calixto and Julio. The third judgment mentioned—that is to say, the one of September 18, 1902—was rendered by the said Municipal Court of Río Piedras, also in proceedings instituted by Julia Muñoz against Vicente López Cepero, adjudged Vicente López Cepero to pay within a period of five days to Julia Muñoz $176.40, which she claimed as the allowance for the months of March, 1899, to August, 1902; which judgment the District Court of San Juan affirmed by its judgment of October 22d of said year 1902, on the ground that "against *res judicata* only a judgment rendered on appeal could be effective, and the judgment which declared the obligation of the defendant, Vicente López Cepero, to pay the minors, Calixto and Julio Muñoz, an allowance of 7 provincial *pesos* a month was final."

The plaintiff also relates the evidence heard in both actions and appears to deduce therefrom, although she does not specifically so allege, that the judgments rendered were contrary to such evidence, and that therefore Vicente López Cepero having died, Julia Muñoz Mangual could not require Carmen Sánchez Martínez and her minor children to continue paying her a monthly allowance.

The defendant, Julia Muñoz Mangual, in answering the complaint on February 8, 1905, accepted the facts as alleged by the plaintiff, although she deduced from the evidence presented in the first of the two actions prosecuted in the Municipal Court of Río Piedras the existence of the obligation of Vicente López Cepero to pay the two children of José Dámaso López Cepero, Calixto and Julio Muñoz, a life income of

7 *pesos* per month, such having been the last will of José Dámaso López Cepero, and from the evidence introduced in the second action the propriety of the action exercised therein by Julia Muñoz appeared to have been proved to be *res judicata.*

The defendant filed in addition a cross-complaint against the plaintiff for the recovery of the allowances from the month of September to the date of the answer—that is to say, for twenty-eight months which, at the rate of $7 per month, make a total of $196—said cross-complaint being based on the allegation that José Dámaso López Cepero left property for the payment of the life income bequeathed to his natural children had by the defendant, and that the plaintiff had not appealed for a review of the final judgment the annulment of which she seeks.

The plaintiff answered the cross-complaint, alleging that it was absolutely untrue that José Dámaso López Cepero had left any property for the payment of a life income to the natural children had by the defendant, as he had died in a state of insolvency without having made any testamentary disposition whatsoever, alleging, furthermore, that the small capital left by Vicente López Cepero had not come from his natural father, José Dámaso, from whom Vicente had not inherited anything, and that the plaintiff had taken no appeal whatsoever from the judgments rendered in the two oral actions mentioned, because she was not a party thereto; but did do so upon an attempt being made to enforce against her personal property an alleged obligation of her former husband, for which reason she prayed for the dismissal of the complaint and the admission of the cross-complaint, with the costs against the defendant.

A day having been set for the hearing, there was submitted a certified transcript of certain sections of the record of the two actions prosecuted in the Court of First Instance and in the Municipal Court of Río Piedras by Julia Muñoz against Vicente López Cepero, which transcript does not in-

clude the judgments of the lower and higher courts in said actions. There were also submitted certificates to the effect that the tax assessments of Río Piedras for the fiscal year 1893-94 did not show that José Dámaso López Cepero had paid any taxes, but did show that Vicente López Cepero had paid taxes in 1902, and had built a house with the upper story of frame and the lower story of masonry, on a lot bought of Polonia Aguero de Aguilar.

The District Court of San Juan rendered judgment on March 25, 1905, reading as follows:

"This case was called for trial on March 25, 1905, in its regular order, in open court, both parties appearing through their counsel, who announced their readiness to proceed. Counsel for the plaintiff made his allegations, as did counsel for the defendants. Counsel for the plaintiff presented his evidence, which was heard, the defendants not submitting any evidence, and, finally, both parties made oral arguments. And the court having duly considered the case is of the opinion that the law and the facts are against the plaintiffs with regard to the complaint, and against the defendants with regard to the cross-complaint, and under the circumstances renders judgment holding that the judgment of December 29, 1898, of the Municipal Judge of Río Piedras, of January 7, 1899, of the Judge of First Instance of the District of San Francisco; of September 18, 1902, of the Municipal Court of Río Piedras; and of October 22, 1902, of the District Court of San Juan, P. R., should not be annulled, and the costs are taxed against the said plaintiff and the cross-complaint filed by the defendants upon answering the complaint is hereby dismissed; and it is ordered that this judgment be entered in the book of judgments of this court. Pronounced in open court this 1st day of May, 1905. Entered this 8th day of May, 1905.—Emilio del Toro. Attest: José E. Figueras, secretary."

Both parties took appeals from this judgment. After having filed their respective briefs, the hearing of both appeals was had without said parties appearing thereat; and, consequently, no verbal argument was made.

Both the plaintiff and the defendant agree upon the facts at issue in the action. Therefore, it is possible, without en-

tering upon a consideration of the evidence submitted, to arrive at a decision of the legal questions raised, which may be described in the following terms according to the prayers contained in the complaint and the answer and cross-complaint.

Can the judgments of December 29, 1898, January 17, 1899, September 18, 1902, and October 22d of the same year, be held in law to be null and void, in so far as they recognize the existence of an allowance bequeathed by José Dámaso López Cepero to the children of Julia Muñoz?

Can the Estate of Vicente López Cepero, by virtue of these judgments, be compelled to pay the back installments claimed in the answer by cross-complaint?

In the first place, we must call attention to the fact that the said judgments have not come here in an authentic manner; but admitting that they were rendered in the terms indicated in the complaint and accepted by the defendant, all that can be established is that in the two actions to which said judgments refer Vicente López Cepero was adjudged to pay the allowances claimed in the first action, on the ground that Vicente was doing nothing more than complying with the obligation imposed upon him by his deceased father of supporting the latter's children; and in the second, on the ground that against *res judicata* only a judgment rendered on appeal could be effective, the judgment which declared the obligation of the defendant, Vicente López Cepero, to pay the minors, Calixto and Julio Muñoz, an allowance of 7 provincial *pesos* per month being final.

The final judgments in both actions were those rendered on appeal by the Court of First Instance of the District of San Francisco, under date of January 17, 1899, and by the District Court of San Juan on October 22, 1902, and these judgments do not hold the existence of a verbal legacy as a ground for the right to the allowance, the finding of the municipal judge of Río Piedras, in his judgment of December 29, 1898, in this respect having remained without effect, as it

does not appear that such finding was accepted by the superior court, which held, as asserted by the plaintiff, that López Cepero was doing nothing more than complying with the obligation imposed upon him by his deceased father to support the latter's natural children, without any explanation that such obligation was based on the existence of a legacy to be carried out by said Vicente López Cepero.

As is observed, it is not possible to vacate and set aside the judgments rendered in the two actions referred to in so far as they establish the existence of a legacy by way of an allowance in favor of the defendant, as the plaintiff prays, because the final judgments rendered in those actions do not make any declaration as to the existence of such legacy by way of an allowance, and the findings upon such legacy by the Municipal Court of Río Piedras in one of its judgments—that is to say, the judgment of December 29, 1898, were not accepted by the superior court in affirming such judgment on appeal, but were substituted by a different ground, as has been shown.

Therefore, the declaration of a right which has not existed cannot be declared null and void.

But we find more. The final judgments rendered in the said actions do not affect the heirs of Vicente López Cepero, who are the plaintiffs, because according to article 150 of the former Civil Code, which is the equivalent of section 219 of the Revised Code, the obligation to support ceases with the death of the person obliged to give it, even though he give it in compliance with a final judgment; and this provision is applicable, in accordance with article 153 of the former Code and section 221 of the Revised Code, even though the right to support be derived from a will or an agreement, unless there be a testamentary disposition or an express agreement to the contrary, which has not been alleged and accepted by both parties in this action.

The plaintiffs not being parties interested in the judg-

ments referred to, they have no right of action to seek the decisions they pray for in their complaint.

If the obligation imposed by judgment on Vicente López Cepero to support the children of José Dámaso López Cepero terminated with the death of the former, as has been stated, such support cannot now be claimed of his heirs, invoking as *res judicata* judgments which do not affect them.

For the reasons stated, confining ourselves to the facts accepted by both parties in the complaint and answer, and without entering upon a consideration of the evidence heard at the trial on account of no bill of exceptions or statement of facts having been submitted, as prescribed by the Code of Civil Procedure in force, we believe that the judgment appealed from should be affirmed in every respect, without any special taxation of costs.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.